**Pennsylvania National Mutual Casualty Company v. Boxmeyer**

C.P. of Bucks County, no. 02-03032-16-1.

*Michael S. Savett,* for plaintiff.
*Mark C. Schultz* and *James D. Golkow,* for defendant.

KANE, *J.,* July 20, 2004—Plaintiff, Pennsylvania National Mutual Casualty Company, has filed a motion for summary judgment in this insurance coverage declaratory judgment action. We grant that motion and offer this opinion in support of our decision.

The issue before this court is whether the professional services exclusion in the Penn National general liability policy precludes a duty to defend or indemnify Joseph Boxmeyer's estate[1] for the negligence claims asserted by Adolfo Barros, who was injured as a result of an explosion at his workplace in Massachusetts.

Penn National provided insurance coverage under a commercial general liability policy to Boxmeyer. Boxmeyer conducted business as a "safety consultant" and provided advice to industrial clients regarding the dangers associated with static electricity in their workplaces. Boxmeyer was not a licensed or degreed engineer.

Currently, in the Superior Court for Plymouth County, Massachusetts, C.A. no. PLCV2001-01074, an action is pending filed by defendant Barros, against Boxmeyer's estate. That action claims injury as a result of negligence by Boxmeyer in providing improper or insufficient advice to the company where Barros was working. At the time of that incident, Boxmeyer was insured by Penn National.

---

1. Joseph Boxmeyer, deceased, was a resident of Pennsylvania. His death was not related to this matter.

Penn National has disclaimed coverage to date asserting an endorsement of the policy titled "Exclusion—Engineers, architects or surveyors professional liability." The issue turns on a question of insurance policy interpretation for this court. The interpretation of a contract of insurance is a matter of law for the courts to decide. *American Rehabilitation and Physical Therapy Inc. v. American Motorists Insurance Co.*, 829 A.2d 1173 (Pa. Super. 2003); *Cordero v. Potomac Insurance Company of Illinois*, 794 A.2d 897 (Pa. Super. 2002). "When interpreting an insurance policy, a court must ascertain the intent of the parties as manifested by the language of the written agreement." *Id.* at 900.

Defendant asserts that the exclusion is clear as to engineers, architects and surveyors, but contends that such a titled section could not be applied to Boxmeyer's services and therefore there is no coverage exclusion. Regardless of the title of the section, it is apparent that Boxmeyer was aware that his professional consulting activities were not covered by his general liability policy. That is supported by the fact that he maintained separate professional liability insurance through the Association of Professional Engineers. Additionally, discovery supports that his insurance agents repeatedly reminded him, both verbally and in writing, that the Penn National policy did not cover his professional consulting activities. The exclusion provision in the policy reads as follows:

"The following exclusion is added to paragraph 2. Exclusions of COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE LIABILITY (section 1—Coverages) and paragraph 2. Exclusions of COVERAGE B—PERSONAL AND ADVERTISING INJURY LIABILITY (section 1—Coverages).

"This insurance does not apply to 'bodily injury,' 'property damage,' 'personal injury' or 'advertising injury' arising out of the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity.

"Professional services include:

"(1) The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders. Change orders or drawings and specifications, and

"(2) Supervisory, inspection, architectural or engineering activities."

Penn National asserts than even if the policy was found to apply, then Boxmeyer's work would still be considered that of a surveyor and therefore excluded, based on the work he performed, regardless of the fact that he titled himself a "safety consultant." Based on our review of the pleadings and insurance policy language, we agree, and therefore enter the following:

## ORDER

And now, July 20, 2004, upon consideration of the motion for summary judgment filed by plaintiff, and response thereto, it is hereby ordered and decreed that the motion is granted. Pennsylvania Mutual Casualty Company has no duty to defend or indemnify the estate of Joseph F. Boxmeyer, its representatives and/or executors, or any other person or entity in the underlying action filed by Adolfo Barros in the Superior Court for Plymouth County, Massachusetts, C.A. no. PLCV2001-01074.